Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY EGGLESTON and MONICA ABBOUD**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**REWARD ZONE USA LLC;** DOES 1-10 Inclusive**,**<br><br>Defendant. | Case No.:<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     TRACY EGGLESTON ("Eggleston") and MONICA ABBOUD ("Abboud") (collectively, "Plaintiffs"), bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of REWARD ZONE USA LLC ("Defendant"), in negligently contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by their attorneys.

2.    The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.    The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, both residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware limited liability company.  Plaintiffs also seek $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

9.    Plaintiffs are, and at all times mentioned herein, were citizens and residents of the State of California.  Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

10.    Plaintiffs are informed and believe, and thereon allege, that Defendant is a limited liability company of the state of Delaware.  Defendant, and all of its

agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39). Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

### FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs were citizens of Ventura County and Los Angeles County, respectively, and both citizens of the State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

12. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

13. At all times relevant Defendant conducted business in the State of California and in the Counties of Ventura and Los Angeles, within this judicial district.

14. On or about September of 2018, Abboud received a text message from Defendant on her cellular telephone, number ending in -3711.

15. On or about November 4, 2019, Eggleston received a text message from Defendant on her cellular telephone, number ending in -0318.

16. During this time, Defendant began to use Plaintiffs' cellular telephones for the purpose of sending Plaintiffs spam advertisements and/or promotional offers, via text messages.

17. On or before September 14, 2018, Abboud started receiving frequent text messages from Defendant that sought to solicit its "rewards" and other associated promotions to Abboud.

18. Abboud, upon receipt of these messages, responded to Defendant's text message notification by replying "Remove me" and/or "Stop". Abboud responded in this way on multiple instances after receipt of Defendant's text messages.

19.    At that point, Abboud had withdrawn any consent Defendant might have believed Defendant had prior to that point.  Despite Abboud's responses, Defendant continued to send unwanted text messages to Abboud.

20.    These text messages placed to Plaintiffs' cellular telephones were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

21.    The telephone numbers that Defendant, or their agent texted were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

22.    These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23.    Plaintiffs were never customers of Defendant and never provided their cellular telephone numbers to Defendant for any reason whatsoever. Accordingly, Defendant and their agents never received Plaintiffs' prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24.    These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25.    Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

26.    Plaintiffs represent, and are members of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

27.    Defendant and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more.  Thus, this matter

should be certified as a Class action to assist in the expeditious litigation of this matter.

28.     Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

29.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

31.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a)     Whether, within the four years prior to the filing of this Complaint, Defendant or their agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

32.   As a person that received at least one marketing and text message without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

33.   Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34.   Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36.   Defendant have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

37.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.    Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

41.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.    Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs, and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

45.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 31, 2020                      Respectfully submitted,

THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  _/s/ Todd M. Friedman_____
TODD M .FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFFS