SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701
E mail        jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
Evan King (*pro hac vice* filed)
450 Seventh Avenue, 40th Floor
New York, New York 10123
TEL: 212-246-0900
FAX: 212-216-9559
eking@kleinmoynihan.com

Attorneys for Defendant
REWARD ZONE USA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EGGLESTON, MONICA ABBOUD, and LUCINE TRIM, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>REWARD ZONE USA LLC; DOES 1-10 Inclusive,<br><br>            Defendant. | Case No.: 2:20-cv-01027-SVW-KS<br><br>**STIPULATION TO STAY** |

Under Local Rule 7-1, plaintiff Lucine Trim ("Plaintiff") and defendant Reward Zone USA LLC ("Defendant"), by and through their respective counsel, hereby STIPULATE as follows:

WHEREAS, Plaintiff filed a second amended complaint in the above-titled action in the United States District Court for the Central District of California on June 9, 2020 ("SAC");

WHEREAS, the SAC alleges violations of the Telephone Consumer Protection Act ("TCPA") (42 U.S.C. §227 *et seq.*);

WHEREAS, Plaintiff alleges that Defendant violated the TCPA by sending text messages to "Plaintiff's cellular telephone . . . via an automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1)." (SAC ¶ 19);

WHEREAS, in a prior decision from 2018, the Ninth Circuit ruled that the "statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a "random or sequential number generator," but also includes devices with the capacity to dial stored numbers automatically." *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018). The Second and Sixth Circuits subsequently followed the Ninth Circuit's holding in *Marks* and adopted the same definition of an ATDS. *See* <u>Allan v. Pennsylvania Higher Educ. Assistance Agency</u>, 968 F.3d 567, 574 (6th Cir. 2020); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 290 (2d Cir. 2020);

WHEREAS, by contrast, the Third, Seventh, and Eleventh Circuits have taken a less expansive view and have held that for a device to constitute an ATDS, it must have the capacity to generate random or sequential numbers and dial those numbers. *See Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 *F.3d 116, 121 (3d Cir. 2018); Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 468 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301, 1312 (11th Cir. 2020);

WHEREAS, on July 9, 2020, the United States Supreme Court granted a petition for certiorari in *Duguid v. Facebook* to resolve the split. In that case, the Ninth Circuit reaffirmed *Marks* and held that "equipment which has the capacity ... to store numbers to

be called ...and to dial such numbers" constituted an ATDS. *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1151 (9th Cir. 2019), *cert. granted in part*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020). The Supreme Court, however, has granted certiorari on the following question: "Whether the definition of an ATDS [Automated Telephone Dialing System] in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *See Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), *cert. granted in part*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020);

WHEREAS, the Parties agree that the outcome of *Duguid* will significantly impact Plaintiff's claims in the SAC and Defendant's defenses. In particular, Defendant maintains that an ATDS was not used to send the text messages allegedly received by Plaintiff, as the equipment at issue lacked the capacity to generate random or sequential numbers and call those numbers. As a result, the Court's decision will likely provide guidance on and directly impact whether the dialer at issue in this case implicates the TCPA;

WHEREAS, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979);

WHEREAS, to decide whether a stay is appropriate, courts consider competing interests, such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962);

WHEREAS, the Parties agree that a stay is in the best interest of their respective positions, and neither party will be damaged or suffer any hardship or inequity as a result of the stay;

WHEREAS, the Parties agree that the Supreme Court's decision in *Duguid* will bear upon the instant matter;

1   WHEREAS, the Parties agree that the issues to be resolved in the instant matter will
2   be streamlined and simplified by the Supreme Court's decision in *Duguid*;

3   WHEREAS, to preserve the resources of the Parties and the Court, the Parties agree
4   that a stay is appropriate pending *Duguid*;

5   WHEREAS, consistent with the foregoing, numerous courts have issued stays under
6   precisely the same facts and scenario as a result of the Court granting certiorari in *Duguid*.
7   *See e.g.*, *Daniel v. Lennar Corp.*, 8:19-cv-00452-JLS-DFM (C.D. Cal., July 20, 2020);
8   *Sensibaugh v. Ef Education First, Inc.*, 2:20-cv-1068 (C.D. Cal., July 14, 2020); *Hoagland
9   v. Axos Bank*, 3:19-cv-00750-BAS-DEB (S.D. Cal., July 27, 2020); *Rodriguez v. Portfolio
10  Recovery Assoc.*, 3:19-cv-02266-AJB-LL (S.D. Cal. July 27, 2020); *In RE Portfolio
11  Recovery Assoc., LLC*, 3:11-md-02295-JAH-BGS (S.D. Cal. July 24, 2020); *Blower v.
12  Portfolio Recovery Assoc.*, LLC, 3:19-cv-02270-BAS-LL (S.D. Cal., July 23, 2020);
13  *Brickman v. Facebook*, 3:16-cv-00751-WHO (N.D. Cal., July 23, 2020); *Hoffman v. Jelly
14  Belly Candy Co., Inc.*, 2:19-cv-01935-JAM-DB, (E.D. Cal. July 17, 2020); *Jensen v. Roto-
15  Rooter Servs. Co.,* 2:20-cv-00223-JCC, 2020 U.S. Dist. LEXIS 151256, (W.D. Wash.
16  Aug. 20, 2020); *Boger v. Citrix Systems, Inc.*, 8:19-cv-1234 (D. Md., Aug. 4, 2020);
17  *Cunningham v. Big Think Capital Inc.*, 2:19-cv-638 (E.D.N.Y., Aug. 4, 2020); *Mizrahi v.
18  Kalamata Research Servs.*, 1:20-cv-00666-RPK-PK (E.D.N.Y. Apr. 24, 2020); *Jones v.
19  USHealth Group, Inc.*, 2:190cv002534-HLT-JPO (D. Kan., July 27, 2020);

20  NOW, THEREFORE, the Parties hereby stipulate and agree that this case should be
21  stayed pending the Supreme Court's decision in *Duguid*.

22  DATED: September 10

By:   */s/ Jay T. Ramsey*

JAY T. RAMSEY
Attorneys for Defendant
Reward Zone USA, LLC

By:   */s/ Adrian R. Bacon*

ADRIAN R. BACON
Attorneys for Plaintiff
Lucine Trim

-3-

SMRH:4823-8243-5018.1