Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**LUCINE TRIM** individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**REWARD ZONE USA LLC;** DOES 1-10 Inclusive**,**

Defendant.

**Case No.:** 2:20-cv-01027-SVW-KS

**CLASS ACTION**

**FOURTH AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. LUCINE TRIM ("Trim" or "Plaintiff"), brings this Fourth Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of REWARD ZONE USA LLC ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon

personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

## JURISDICTION AND VENUE

3. Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of a question of federal law, in particular the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

5. Plaintiff is, and at all times mentioned herein, was a citizen and resident of Los Angeles County in the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff was physically in California at the time she received the alleged text messages from Defendant.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is a limited liability company of the state of Delaware. Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

7. On or about April 14, 2020, Plaintiff received a text message from Defendant on her cellular telephone number ending in -2347 from (708) 356-8493. The content of the message was as follows:




Text Message
Today 8:43 AM

Hiya Lucine, you are a valuable customer. In these tough times, let us to reimburse for your shopping needs ked11.com/Ku7S. Be resolute

8. The link contained within the text message directed Plaintiff to https://www.promotionsonlineusa.com/?Flow=6b51d955-0748-462e-9eb5-0ccdd7eceb37&isPrePop=true&reward=paypal1000&o=207085&subaff1=&subaff2=205060&subaff3=133669&subaff4=paypal1000&DVID=&bckm=1.

9. The website is owned and operated by Defendant RewardZone USA, LLC.

10. On the website, Defendant entices consumers, to complete "Deals" in order to claim prizes. A screen capture is as follows:



11. Defendant further notes on its website that "Deals may include mobile games and apps, subscription products and services, free trials and many more. Some of the Deals we offer are free, while may require a purchase to complete."

12. In the "Purchase & Program Requirements" portion of its webpage which bears the header "Terms & Conditions," Defendant further specifies that "Deals" means "registering and providing personally identifiable information, registering for and/or purchasing certain products and/or services [] available on the Website from our advertiser clients and marketing partners . . . ."

13. Accordingly, Defendant's text message to Plaintiff was to solicit Plaintiff to purchase products or services from it or its advertiser clients and marketing partners.

14. During this time, Defendant began to use Plaintiff's cellular telephones for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages.

15. On or about April 18, 2020, Plaintiff received a text message from Defendant on her cellular telephone number ending in -2347 from (802) 676-7464. The content of the message was as follows:



16. As with the text message on April 14, 2020, this text message also directed Plaintiff to Defendant's website https://www.promotionsonlineusa.com , where Defendant sought to have Plaintiff purchase "Deals," though this one represented it would result in a PayPal Account credit.

17. On or about April 19, 2020, received a text message from Defendant on her cellular telephone number ending in -2347 from (267) 352-9915. The content of the message was as follows:




18. As with the text message on April 18, 2020, this text message also directed Plaintiff to Defendant's website https://www.promotionsonlineusa.com , where Defendant sought to have Plaintiff purchase "Deals."

19. Defendant did not have Plaintiff's prior express consent or a prior business relationship with Plaintiff. On information and belief, Defendant obtained contact information to send messages to Plaintiff from a lead vendor named Deal Zingo. Plaintiff alleges that Deal Zingo was laundering consumer contact information from other sources and selling it to companies as if the consent had come from its website, when this was not accurate.

20. Plaintiff also alleges that even if that were not the case, the opt in language on Deal Zingo's website did not comply with the telemarketing

regulations for written consent as interpreted by the FCC and was therefore not prior express written consent.

21. Further, Plaintiff's cellular telephone number ending in -2347 had been on the National Do-Not-Call Registry since at least December 4, 2019 and well over thirty (30) days prior to Defendant's initial text message on April 14, 2020.

22. Defendant sent at least three text messages to Plaintiff on her cellular telephone ending in -2347 in or around April 2020 soliciting its business of having consumers complete "Deals" by purchasing services or products.

23. Such text messages constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

24. Plaintiff received at least three text messages from Defendant within a 12-month period.

25. Upon information and belief, and based on Plaintiff's experience of being messages by Defendant after being on the National Do-Not-Call list for months prior to Defendant's initial calls, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

26. These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(c).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated, as a member of the a Class (the "DNC Class").

28. Plaintiff represents, and is a member of, the DNC Class, defined as follows: all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than

one text message sent by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the Complaint through the date of class certification.

29. Plaintiff also represents a Subclass of consumers who were sent text messages by Defendant and whose data was sold to Defendant by Deal Zingo.

30. Defendant and its employees or agents are excluded from the DNC Class. Plaintiff does not know the number of members in the DNC Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the DNC Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

33. Plaintiff and members of the DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the DNC Class members via their cellular telephones for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the DNC Class members. The questions of law and fact

common to the DNC Class predominate over questions which may affect individual DNC Class members, including the following:

a. Whether, within four years prior to the filing of this complaint through the date of class certification, Defendant or its agents sent more than one solicitation text to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry for over thirty days and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

b. Whether Defendant obtained prior express written consent to send solicitation texts to Plaintiff's or the DNC Class members' telephones;

c. Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35. Plaintiff and the members of the DNC Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of these DNC Class could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the DNC Class members in individually controlling the prosecution of separate claims

against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the DNC Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the DNC Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(C)**
**ON BEHALF OF THE DNC CLASS AND SUBCLASS**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

42. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(C)**
**ON BEHALF OF THE DNC CLASS AND SUBCLASS**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

46. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of the DNC Class and Subclass, the following relief against Defendant:

### THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each DNC Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each DNC Class and Subclass member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 11, 2022 Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: _/s/ Todd M. Friedman_____
TODD M .FRIEDMAN, ESQ.
ADRIAN R. BACON, ESQ.
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

Filed electronically on this 11th day of February, 2021, with:

United States District Court CM/ECF system

Notification sent electronically on this 11th day of February, 2021, to:

Honorable Judge Stephen V. Wilson
United States District Court
Central District of California

All Counsel of Record

s/ Todd M. Friedman
Todd M. Friedman