SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
E mail         jramsey@sheppardmullin.com

KLEIN MOYNIHAN TURCO LLP
Neil E. Asnen (*pro hac vice* application forthcoming)
450 Seventh Avenue, 40th Floor
New York, New York 10123
TEL: 212-246-0900
FAX: 212-216-9559
nasnen@kleinmoynihan.com

Attorneys for Defendant
REWARD ZONE USA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY EGGLESTON, MONICA ABBOUD, and LUCINE TRIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REWARD ZONE USA LLC; DOES 1-10 Inclusive,<br><br>Defendant. | Case No.: 2:20-cv-01027-SVW-KS<br><br>*The Honorable Stephen V. Wilson*<br><br>**CLASS ACTION**<br><br>**ANSWER TO THE FOURTH AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**<br><br>[Complaint Filed: Jan. 31, 2020] |

-1-

SMRH:4882-4329-9857.1                                   ANSWER TO 4TH AMENDED COMPLAINT

Defendant Reward Zone USA, LLC ("Defendant" or "Reward Zone"), by and through its counsel, hereby Answers the Fourth Amended Complaint ("FAC") and states as follows:

1. Paragraph 1 contains statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Defendant specifically denies that there has been a violation of the Telephone Consumer Protection Act ("TCPA").

2. Paragraph 2 contains statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

## JURISDICTION AND VENUE

3. Paragraph 3 contains statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies that there has been any violation of the TCPA.

4. Paragraph 4 contains statements of purported law or legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

## PARTIES

5. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 5 of the FAC, and on that basis denies the same.

6. Paragraph 6 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

## FACTUAL ALLEGATIONS

7. Defendant denies the allegations contained in Paragraph 7 of the FAC.

8. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 8 of the FAC, and on that basis denies the same.

9. Defendant denies the allegations contained in Paragraph 9 of the FAC.

10. Defendant denies the allegations contained in Paragraph 10 of the FAC, denies the authenticity of the image reflected in the screen capture and denies that such an image was seen by Plaintiff.

11. Defendant denies the allegations contained in Paragraph 11 of the FAC and denies that any such notation existed on the website to which it is attributed at or around the date on which Plaintiff claims to have received any text message(s).

12. Defendant denies the allegations contained in Paragraph 12 of the FAC and denies that any such notation existed on the website to which it is attributed at or around the date on which Plaintiff claims to have received any text message(s).

13. Paragraph 13 contains statements of purported law or legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the same.

14. Defendant denies the allegations contained in Paragraph 14 of the FAC.

15. Defendant denies the allegations contained in Paragraph 15 of the FAC.

16. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 16 of the FAC, and on that basis denies the same.

17. Defendant denies the allegations contained in Paragraph 17 of the FAC.

18. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 18 of the FAC, and on that basis denies the same.

19. Defendant denies the allegations contained in Paragraph 19 of the FAC.

20. Defendant denies the allegations contained in Paragraph 20 of the FAC.

21. Defendant lacks knowledge or information to form a belief about the truth of the allegations contained in Paragraph 21 of the FAC, and on that basis denies the same.

22. Defendant denies the allegations contained in Paragraph 22 of the FAC.

23. Paragraph 23 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

24. Defendant denies the allegations contained in Paragraph 24 of the FAC.

25. Defendant denies the allegations contained in Paragraph 25 of the FAC.

26. Defendant denies the allegations contained in Paragraph 26 of the FAC.

## CLASS ACTION ALLEGATIONS

27. Defendant admits only so much of Paragraph 27 of the FAC as alleges that Plaintiff purports to assert claims on behalf of a putative class or persons. Defendant denies that such a class action is proper pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3).

28. Defendant admits only so much of Paragraph 28 of the FAC as alleges that Plaintiff purports to assert claims on behalf of a putative class or persons. Defendant denies that such a class action is proper pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3).

29. Defendant admits only so much of Paragraph 29 of the FAC as alleges that Plaintiff purports to assert claims on behalf of a putative class or persons. Defendant denies that such a class action is proper pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (3).

30. Paragraph 30 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

31. Paragraph 31 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

32. Defendant denies the allegations contained within Paragraph 32 of the FAC.

33. Defendant denies the allegations contained within Paragraph 33 of the FAC.

34. Defendant denies the allegations contained within Paragraph 34 of the FAC, including all subparagraphs thereof.

35. Defendant denies the allegations contained within Paragraph 35 of the FAC.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the FAC, and on that basis denies the same.

37. Defendant denies the allegations contained within Paragraph 37 of the FAC.

38. Defendant denies the allegations contained within Paragraph 38 of the FAC.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(c)

39. In response to Paragraph 39 of the FAC, Defendant repeats and realleges every response to paragraphs 1 through 38 of the FAC with the same force and effect as if set forth at length herein.

40. Defendant denies the allegations contained within Paragraph 40 of the FAC.

41. Defendant denies the allegations contained within Paragraph 41 of the FAC.

42. Paragraph 42 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

## SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227(c)

43. In response to Paragraph 42 of the FAC, Defendant repeats and realleges every response to paragraphs 1 through 42 of the FAC with the same force and effect as if set forth at length herein.

44. Defendant denies the allegations contained within Paragraph 44 of the FAC.

45. Defendant denies the allegations contained within Paragraph 45 of the FAC.

46. Paragraph 46 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

## PRAYER FOR RELIEF

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE", including the subparts, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff and the putative class members are entitled to any relief.

## TRIAL BY JURY

47. Paragraph 47 contains statements of purported law or legal conclusions for which no response is required. To the extent a response is required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff lacks Article III standing to bring the claims that she is purportedly asserting.

### SECOND AFFIRMATIVE DEFENSE

2. The FAC fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has not suffered a concrete and particularized injury.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that Plaintiff received the subject text message(s) and/or telephone call(s) alleged in the FAC, prior express consent, as well as prior express written consent, was obtained for the purpose of contacting the phone number at which Plaintiff alleges to have received the subject text message(s) and/or telephone call(s) and therefore, Plaintiff's claims must fail. To the extent that putative class members provided such consent, their claims also fail.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant incorporates by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, or that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff cannot maintain this action as a class action as Plaintiff, a user on her behalf, or a user in possession of her telephone number explicitly agreed to be bound by a class action waiver provision contemporaneous with the respective provisions of express written consent to be contacted by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred by the doctrines of estoppel, waiver, consent, and other equitable doctrines as a bar to the claims of Plaintiff and the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims and/or the claims of the putative class members are barred because any alleged acts or omissions of Defendant giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding that Defendant establish and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. Defendant acted at all times in a reasonable manner in connection with the events at issue in this case.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135

S.Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.")

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943).

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred by laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant is not liable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff has failed to join all necessary and/or indispensable parties to this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff has not suffered any damages due to Defendant's alleged actions. Plaintiff must sustain an injury in fact specific to each individual text message for which Plaintiff claims a violation.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims and/or the claims of the putative class members are barred by the statute of limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff cannot maintain this action as she explicitly agreed to be bound by binding arbitration provisions contemporaneous with her provision of express written consent to be contacted by Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff cannot maintain this action as she explicitly agreed to be bound by a limitation and/or release of liability provision contemporaneous with her provision of express written consent to be contacted by Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The Court lacks personal jurisdiction over Defendant, as least insofar as the nationwide class allegations are concerned.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because a purported class is not so numerous that joinder of all class members would be impracticable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are no questions of law or fact common to a purported class.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff's claims, or the defenses thereto, are not typical of the purported class.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff cannot maintain this action as a class action under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff will not fairly or adequately protect the interests of the class.

**WHEREFORE**, Defendant seeks judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing the FAC in its entirety, with prejudice;

(b) Awarding Defendant its attorneys' fees and costs incurred hereinto the maximum extent allowed by law; and

(c) Granting Defendant such other and further relief as this Court deems just and proper.

Dated: February 25, 2022          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          */s/ Jay T. Ramsey*
          JAY T. RAMSEY
          Attorneys for Defendant
          REWARD ZONE USA, LLC