# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINE TRIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REWARD ZONE USA LLC; DOES 1-10 Inclusive,<br><br>Defendant. | Case No. 2:20-cv-01027-SVW-KS<br><br>**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF PARTIAL FINAL JUDGMENT PURSUANT OT FRCP 54(B)** _____ |

The Court having reviewed and considered Plaintiff Lucine Trim's ("Plaintiff") Unopposed Motion For Certification Of Partial Judgment Pursuant To FRCP 54(b) and GOOD CAUSE APPEARING hereby grants Plaintiff's Motion and orders as follows:

"Three conditions must be satisfied before certification of a claim under Federal Rule of Civil Procedure 54(b): (1) multiple claims or parties are involved in the suit; (2) a final decision as to one or more claims or parties has been rendered; and (3) the court finds that there is no just reason for delaying an appeal. *Sitrick v. Dreamworks, LLC*, No. CV034265SVWAJWX, 2007 WL 9711434, at *2 (C.D. Cal. Jan. 4, 2007) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). "This determination is "vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any

justifiable reasons for delay." *Id.* (citing *Mackey*, 351 U.S. at 437).

Plaintiff's Third Amended Complaint brought multiple claims, in particular two claims under 47 U.S.C. § 227(b) and two additional claims under 47 U.S.C. § 227(c). The Court's Order Granting Defendant Reward Zone USA LLC's ("Defendant") Motion to Dismiss (Dkt. 42) dismissed Plaintiff's claims under 47 U.S.C. § 227(b) with prejudice. This constituted a judgment because it was a decision upon Plaintiff's cognizable claims for relief under 47 U.S.C. § 227(b) and was final in the sense that it was "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted). This was not a final judgment as to all claims because Plaintiff's claims under 47 U.S.C. § 227(c) remained. Thus, the Court finds that the first two prongs for certification of partial judgment under Fed. R. Civ. P. 54(b) are met.

The Court additionally finds that there is no just reason for delaying an appeal on the 47 U.S.C. § 227(b) claims. "Relevant factors for the just delay analysis include the judicial system's interest in "preserving the historic federal policy against piecemeal appeals," [] (quoting *Sears Robuck* at 438); *Morrison-Knudsen Co., v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981), the impact of the appeal on the immediate trial proceedings, *Alcun Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 816-17 (9th Cir. 1982), and other practical effects, *Continental Airlines Inc., v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)". *Sitrick v. Dreamworks, LLC*, No. CV034265SVWAJWX, 2007 WL 9711434, at *3 (C.D. Cal. Jan. 4, 2007). The Court considers: (1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9-10 (1980); *Gregorian v. Izvestia*, 871 F.2d 1515, 1518-20 (9th Cir. 1989); *see also Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (the court of appeals must scrutinize the

district court's evaluation of factors such as "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005).

In this case, these factors weigh in favor of granting partial judgment. There is no imminent trial and permitting the appeal of the 47 U.S.C. § 227(b) claims at this time will prevent duplicative discovery and motion practice. The Court based its Order dismissing the ATDS claims on the recent U.S. Supreme Court case of *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) and two very recent district court cases interpreting *Duguid*. There has been no decision by the Ninth Circuit yet on the arguments raised by Plaintiff and impact of *Duguid* on such arguments such that permitting an immediate appeal to permit such consideration is appropriate. No Party has asserted they will suffer any prejudice as a result of this order or further delay. The 47 U.S.C. § 227(b) claims are also substantially distinct from the 47 U.S.C. § 227(c) claims that permitting an appeal of the (b) claims at this point will also not create a risk of a duplicative appeal later based on how the Court may rule on the 47 U.S.C. § 227(c) claims.

Accordingly, this Court has fully weighed the factors and found that it is within its discretion to find that there is no just reason for delay and enter partial judgment immediately. The Court hereby orders that the clerk shall enter partial judgment for Defendant as to Plaintiff's first and second claim as alleged in the Third Amended Complaint (Dkt. 33) and dismissed with prejudice in the Court's Order Granting Defendant Reward Zone USA LLC's Motion to Dismiss (Dkt. 42).

IT IS SO ORDERED.

Dated this  28th  Day of April, 2022.

_____
The Honorable Stephen V. Wilson
U.S. District Judge

3